**Ex Parte Jodie M. DITMER, Relator.**

**No. 04–83–00469–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 19, 1983.

E.S. Prashner, Ertel & Prashner, San Antonio, for relator.

Richard H. Phillips, San Antonio, for respondent.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

Relator, Jodie M. Ditmer, has applied to us for a writ of habeas corpus alleging that she has been illegally restrained of her liberty by the sheriff of Harris County, Texas, under a void contempt order of the District Court of Bexar County, Texas. The Relator was found in contempt for failure to surrender her child to the Respondent Robert D. Ditmer on September 3, 1983 as ordered by the court. We granted bail pending a hearing in this Court.

On August 31, 1983, the trial court issued a temporary order in a pending divorce case ordering the Relator to surrender the child, Amber Ditmer, to the Respondent Robert D. Ditmer no later than 6:00 p.m., September 3, 1983. The order recites that the Relator, although duly and properly notified, did not appear. On September 6, 1983,

a motion for contempt was filed stating that the Relator had willfully disobeyed the temporary order by not surrendering the child. On September 16, 1983, a hearing was held in which the Relator was found guilty of contempt. The Court sentenced Relator to six months in the Bexar County Jail and assessed a $100.00 fine. The order of contempt recites that the Relator appeared by attorney.

This is a case of constructive criminal contempt. Jodie Ditmer's confinement was pursuant to TEX.REV.CIV.STAT.ANN. art. 1911a (Vernon Supp.1982–1983) and TEX.FAM.CODE ANN. § 14.09(a) (Vernon 1975), as punishment for her failure to comply with a court order which was to be performed outside the presence of the court. Relator contends that the contempt order is void in that she was never served with process ordering her to appear and show cause why she should not be held in contempt. Attorney for the Relator, in an affidavit attached to the application for writ, states that he did not know the Relator's new address in Houston and was unable to notify her of the hearing on the temporary order or of the order itself. The Relator also contends that she had no notice of the contempt motion or the final order holding her in contempt of court. We order the Relator discharged.

In the recent case of *Ex parte Johnson*, 654 S.W.2d 415, 421 (Tex.1983), the Supreme Court held that persons charged with criminal contempt pursuant to article 1911a are constitutionally guaranteed the right to be present at trial and confront witnesses. Anything less would be a violation of due process. The record is devoid of any affirmative finding by the trial court of a waiver by Relator of the right to attend the contempt hearing.

Therefore, absent any proof that the Relator had notice and knowingly, intelligently and voluntarily waived her right to be present at the contempt hearing, we hold that the trial court erred in proceeding with the show cause hearing in the absence of Jodie M. Ditmer.

The Relator is ordered discharged.